(86 Misc. Rep. 180)

## In re LEWIS' ESTATE.

### (Surrogate's Court, Kings County.   June, 1914.)

WILLS (§ 682*)—CONSTRUCTION—PAYMENT OF LEGACY.

Testatrix bequeathed a sum in trust, the net income to be paid to her sister semiannually, and on her death the principal to go in equal shares to a niece and nephew, the children respectively of testatrix's two brothers, or if either or both of such brothers should have other lawful issue, such issue to participate equally with such niece and nephew. The trusts for testatrix's brothers were expressed in the same words as the trust to the sister, except that the gift over to the first beneficiary in each instance was to his children and to his afterborn children if any. The residue of the estate was given in trust to pay one-third of the income therefrom to testatrix's sister and one-third to each of her brothers, and, upon the death of either, or all, the principal to go equally to such nephew and niece, or equally to them and other issue of testatrix's brothers. The de clared purpose in creating a trust was "to prevent waste  *  *  *  and in the instance of my brothers, to prevent as far as possible their wives from participating in the enjoyment of my estate.  *  *  *" One brother died leaving an only child and there was no child of the other brother excepting such niece.  *Held*, that the son of the deceased brother was entitled, on application for payment of his legacy, to one-half of the principal of the residuary trust fund, though the sister and the other brother were still living.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1602, 1607–1611; Dec. Dig. § 682.*]

Application of Herbert Lewis for payment of legacy from the estate of Mary Elizabeth Lewis, deceased.   Application granted.

See, also, In re Kings County Trust Co., 149 N. Y. Supp. 124.

Horwitz & Rosenstein, of New York City, for petitioner.

George V. Brower, of Brooklyn, for respondent Kings County Trust Co. trustee.

Evarts, Choate & Sherman, of New York City (George L. Kobbe and Thomas T. Sherman, both of New York City, of counsel), for respondents John A. Lewis and Rosetta E. Hodgman.

KETCHAM, S.   The testatrix, when she made her will, had two brothers and a sister.   Each of the brothers had a child.   The will contained three separate trusts primarily for each brother and sister, in one case of $75,000 and in the two others of $50,000.

The trust for the sister was as follows:

"First. I give and bequeath to my trustees hereinafter named, or their successors, the sum of fifty thousand ($50,000) dollars, in trust, nevertheless, to invest and keep invested; to collect the income thereon and to pay over the net income arising therefrom to my sister Rosetta E. Hodgman, semiannually, and upon her death I give and bequeath the principal of said trust fund to my niece Marion Quinn (daughter of my brother John A. Lewis) and my nephew Herbert Lewis (son of my brother Thomas Lewis) share and share alike.

"Second. Should either or both of my brothers remarry and have lawful issue, then I do order and direct that such issue shall participate equally with said Marion Quinn and Herbert Lewis in the principal of said trust fund."

The trusts for the brothers were expressed in the same form of words as is used in the two paragraphs last quoted, except that the

gift over upon the death of the first beneficiary in each instance was to his child and his after-born children, if any.

There was a trust of $25,000 primarily for the married daughter of one of the brothers, in which words identical with those quoted, supra, were used, with a provision for payment of income to the first beneficiary and a gift over to her children.

After other small gifts of piety and affection, the residue was the subject of the following:

"Fourteenth. All the rest, residue and remainder of my estate, I give and bequeath to my trustees or their successors, in trust, nevertheless, to invest and keep invested; to collect the income thereon and to pay one-third thereof to my sister Rosetta E. Hodgman and one-third each to my brothers Thomas Lewis and John A. Lewis. Upon the death of either or all of my brothers and sister, I give and bequeath the principal of said trust fund to my nephew Herbert Lewis and my niece J. Marion Quinn, share and share alike. The children of any subsequent marriage of my brother Thomas Lewis and my brother John A. Lewis to share equally with my said nephew and niece in said trust fund."

The testatrix then declared:

"My purpose in creating the trusts herein is to prevent waste of my dear father's money, and in the instance of my brothers to prevent so far as possible their wives from participating in the enjoyment of my estate inasmuch as neither of them have properly cared for their homes or families, and in the instance of my brother John A. Lewis' wife, she has been a deserter from her husband's home, husband and children for more than twenty years."

The brother John A. Lewis has died, leaving Herbert Lewis, his only child, and there is no child of Thomas Lewis, except J. Marion Quinn.

It is claimed by Herbert Lewis that he is entitled to one-half of the residue, upon the ground that it became payable to the remaindermen indicated in the fourteenth paragraph upon the death of any one of the persons named in the first instance as beneficiaries.

It is remarkable that in none of the four trusts primarily for an individual beneficiary was the gift of income declared to be a gift for the life of such beneficiary. The only measure of the period during which the income was to be enjoyed was found in the gift over of the principal upon the death of the first named beneficiary.

This was sufficiently precise when a single beneficiary was named in the first instance; but the same phrasing, when carried into the residuary trust, which names three persons as the recipients of the income and provides for a gift over upon the death of "either or all" of the three, makes a serious controversy.

Grammatically, the only "principal of the trust fund" limited over upon the death of "either or all" is the residue which was devised to the trustees in one integral body, and the only event ordained by the testatrix upon which this trust fund is to be paid to the remaindermen indicated is the death of any one of the principal beneficiaries. Though the mind may be inclined to conjecture from experience or instinct that the testatrix may not have subjectively intended the result to which her words tend, there can be no guesswork as to her purpose if the language to which she has committed her purpose is clear.

The rules under which wills are interpreted are sufficiently indulgent to human infirmity without any new excursion into the regions of unmarked sensibility.

If in this will the gift over had been merely "upon the death of either," without the addition of the words "or all," who could doubt that the principal fund was to be paid over to the remaindermen upon the death which has occurred? What has taken away the essence of the word "either" when it is found in association with the more expansive word? What will permit it to be discarded if it preserves the meaning which it would have borne if it stood alone? It must be read or it must be obliterated.

It is true that of the two events upon which the remainder is alternatively dependent, one if it shall come to pass, will include the others; but that is no reason why a provision which suspends a remainder upon an event which is sure to happen first should be expunged in construction and the event which can never come into effectual operation be taken as the only condition. Rather might it be said that the direction for a payment to be made in the event which can never happen until after the whole trust is determined by an earlier event is as harmless as it is ineffectual.

It is argued that the devise to the trustees should be regarded as separable into three trusts, each assignable to one of the principal beneficiaries and each limited over upon the death of the beneficiary to whom it may be assignable. This device is a favorite of the law, but is only available to save the disposition from the menace of the statute against perpetuities. The construction, if adopted in this case, would be of no use unless it were supplemented by a conclusion, unquestionably forced, that the "principal of said trust fund" and the coefficient expression "said trust fund" did not mean the entire residue. It would further require a finding that in the phrase "either or all" one or the other of the two conjoined words is without value.

Where the "residue," "principal of the trust fund," and the "trust fund" are phrases of interchangeable meaning, the entity which they represent might well be resolved into independent funds to save the trust from destruction; but in this case this interpretation is checked, if not forbidden, by the testamentary conception of the trust fund as indivisible and there is no need to invoke this last resort of constructive zeal.

The integrity of the trust may be preserved by a reading against which no part of the instrument is arrayed, viz., that the intention was to devote the income of the residue to the three persons named and to pay over the principal upon a single death among these three persons.

Where the desideratum is to save the trust, the law will choose that one of two processes of construction by which the trust may be conserved with the least hostility to the general text of the provision. The construction to which this discussion tends is not inconsistent with the purpose of the testatrix to prevent waste of her dear father's money and to prevent the wives of her brothers from participating in her estate.

149 N.Y.S.—9

This construction is questioned upon the ground that the payment of the remainder at this time fails to preserve the rights of children of any subsequent marriage of either of the brothers of the testatrix. The answer to this is that the provision which lets in the children of any subsequent marriage provides only for children of that class who shall be in being at the time when the remainder falls in.

It is suggested that the true explanation of this will is that the words "either or" crept into the will by "unintentional error," and that the only event upon which the remainder depends is the death of all the first named beneficiaries. That this construction would result in destruction is a good reason that it should be shunned. That it would involve a finding of fact without evidence, and indeed against the decree of probate which established the terms of the will, should lead to its rejection.

The contention is made that it is unreasonable and improbable that the testatrix intended to create a trust for her brothers and sister which was to terminate upon the death of the one first dying and that it is reasonable to believe that she proposed a scheme which would afford them maintenance for their lives respectively. This is inadmissible if the provision in question is free from ambiguity, but if it were applicable it would lack support in truth. The circumstances of the beneficiaries as they were understood by the testatrix are not shown. As to her brothers and sister, the case is not as if the provision in question was the only effort for their benefit. Each was secured for life the income of a specific sum sufficient to exclude the intention that each of them was to enjoy his income from the residuary trust during his or her whole life.

There is no provision in the will for Herbert Lewis except that he is named as a remainderman of two of the trusts for specific amounts. His aunt's regard for him is shown in her will, and, if speculation is to be indulged as to her intention concerning his welfare, it is not inconceivable that she chose for him an early remainder under the fourteenth paragraph of her will.

It has not been possible to discern an ambiguity in the provision under examination. There is doubt of the decedent's discrimination in selecting her words, but none as to the only concept which her chosen language projects.

The petitioner, Herbert Lewis, is entitled to one-half of the principal of the residuary trust fund, and his petition is granted.

Application granted.